DUNBAR, C. J., and STILES, SCOTT and ANDERS, JJ.,
concur.

<hr />

[No. 815.    Decided February 17, 1893.]

ST. PAUL AND TACOMA LUMBER COMPANY, *Respondent*, v.
WILLIAM B. BOLTON AND MARY BOLTON, *Appellants*.

MECHANICS' LIENS — BUILDING ON BONDED LAND — LIABILITY OF
OWNER OF FEE.

Where a bond for a deed to land has been recorded, the interest
of the obligor, he being the owner of the legal estate in the land,
cannot, under the provisions of ch. 4, Gen. Stat., be subject to liens
arising from the construction of a building on such land at the in-
stance of the obligee under the title bond.

*Appeal from Superior Court, Pierce County.*

*M. L. Clifford*, for appellant.

*Griggs & Lockwood*, for respondent.

The opinion of the court was delivered by

DUNBAR, C. J.— The appellants were the owners of a
tract of land about six miles from the city of Tacoma, hav-
ing water front on Puget Sound.    On the 15th day of July,
1890, they sold twenty-four and one-half acres of land to

Marie J. Shannon and Etta T. Cantara for the sum of $7,-500, giving them a bond for a deed to the premises and putting them in possession.   Shannon and Cantara paid $1,500 when the bond was delivered, and $500 a few months later, but paid nothing further.   By the terms of the bond a deed was to be executed when the land was fully paid for, and a house erected thereon to cost not less than $2,500. The bond was properly recorded soon after its execution, and before the building on the land was commenced.   Soon after the bond was recorded, Shannon and Cantara contracted for and began the erection of a hotel on a part of the twenty-four and one-half acre tract, and ordered materials for the building from the respondent, and after the work had been going on for a time and a large amount of materials had been delivered to, and used in, the building, it was abandoned and left in an unfinished state.   Respondent thereupon filed its notice of lien, and this action is taken to determine the rights of the company as against Bolton and wife, the appellants herein.

The statement of facts in the case admits that the lien notice is technically sufficient and that it was properly filed and recorded, and that the amount of the claim is correct. It is agreed that the Boltons were not parties to the contract for building the house, unless they are made so by construction of law, and that their only liability, if any, arises out of the execution of a bond for a deed and giving possession to Shannon and Cantara thereunder.   The superior court ruled in favor of the plaintiff, and decreed the foreclosure of the lien and sale of ten acres of the property to satisfy the same.

This case involves the construction of chap. 4 of General Statutes, a chapter in relation to liens of laborers and material men upon lands and buildings.   It is not claimed that there is a special provision of the statute which would subject the interest of the appellants to a lien in this case

affirmatively, but that such subjugation is implied in § 1671, which provides that, "Should the owner or owners of any land desire to prevent the lien from attaching as herein provided for in cases where he or they have not themselves contracted for the construction, alteration or repair of the works mentioned in § 1663, . . . he or they may do so by giving a notice in writing, posted in some conspicuous place upon said land or improvement, to the effect that he or they will not be responsible for said improvement; said notice to be posted within ten days after said owner or owners come to a knowledge of the making of said improvements;" and it is contended that the owner designated in such section is the owner of the legal title.

Such an implication would doubtless fairly attach if § 1671 were construed only with reference to § 1663, which provides who shall be entitled to a lien; but construing it with reference to § 1665, which provides that, "The land upon which any building, improvement or structure is constructed, together with a convenient space about the same, or so much as may be required for the convenient use and occupation thereof, to be determined by the court on rendering judgment, is also subject to the lien, if, at the commencement of the work, or of the furnishing of the materials for the same, the land belonged to the person who caused said building, improvement or structure to be constructed, altered or repaired; but if such person owned less than a fee simple estate in such land, then only his interest therein is subject to such lien," it becomes apparent that the owners spoken of in § 1671 are the same persons referred to in § 1665. In other words, § 1671 does not give a lien on any interest that was not given by § 1665, but simply provides a way by which persons owning interests described in that section can avoid the attachment of the lien where they have not themselves contracted for the construction, alteration or repair of the works mentioned in § 1663.

Under the authorities, and in accordance with the rules of common sense, Bolton and wife stand in the same relation to this land and with Shannon and Cantara as if they had bought the land outright and taken a mortgage back for security. The bond is simply a different form of security which some people prefer to a mortgage; but its object is the same, and in equity the parties stand in exactly the same position, relatively, as if they had taken the other form of security.

"There can be no sensible distinction between the case of a legal title conveyed to secure the payment of a debt and a legal title retained to secure payment." Jones on Liens, § 1108.

The same principle is substantially announced in *Thorpe Bros. v. Durbon*, 45 Iowa, 192; *Boone v. Chiles*, 10 Pet. 224, and *Shelton v. Jones*, 4 Wash. 692 (30 Pac. Rep. 1061).

Then, if that proposition be conceded, here is a prior incumbrance, and § 1666 provides that —

"The liens provided for in this chapter are preferred to any lien, mortgage or other incumbrance which may have attached subsequent to the time when the building, improvement or structure was commenced, work done, or materials were commenced to be furnished; also to any lien, mortgage or other incumbrance of which the lien holder had no notice, and was unrecorded at the time the building, improvement or structure was commenced, work done, or the materials were commenced to be furnished."

The bond in this case was recorded. It is then a prior lien with notice, and cannot be subjected to the lien of respondent. It is true, as respondent's counsel argues, that decisions which are based on statutes essentially different from ours are of little assistance in construing our statute. But outside of any authority, the terms of our statute forbid the construction contended for by respondent. It is contended by respondent that the statute was construed in his favor by this court in *Harrington v. Miller*, 4 Wash.

808 (31 Pac. Rep. 325), and if counsel's segregated quotation from the opinion in that case were construed alone it would probably bear that interpretation; but the broad statement there made that the reputed owner meant the owner of the legal title, was made with reference to the circumstances of the case then under consideration. In that case it was claimed that the deed was in reality a mortgage, and the court held that for the purposes of foreclosure the parties were properly designated as the owners. But the court in that case goes on to say : "It has even been held that parties who have contracted for the purchase of property, and entered into possession and made improvements, are, so far as the vendee's interests are concerned, 'owners' under the mechanics' lien law," citing Phillips on Mechanics' Liens (2d ed.), § 69, and *Institution v. Lowe*, 1 B. Mon. 257, where it was held that a purchaser of land on a vendor's lien, so reserved in the deed for the whole of the purchase money, was the owner.

We do not think that under any reasonable construction of our statute the interest of Bolton and wife can be subjected to respondent's lien, and the judgment is therefore reversed.

ANDERS, STILES, HOYT and SCOTT., JJ., concur.