[No. 831. Decided June 22, 1893.]

C. A. MENTZER AND SAMUEL HICE, *Respondents*, v. S. PETERS, ERNEST NIEHOFF AND H. T. DENHAM, *Appellants.*

MECHANICS' LIENS — MATERIALS FURNISHED HOLDER OF EQUITABLE TITLE — LIABILITY OF OWNER OF FEE.

Where materials are furnished for a building to one who has possession of the land upon which the building is being constructed under a contract of purchase, a lien can attach only to the interest of the holder of such contract; and on a forfeiture of his rights thereunder, the owner of the legal title is not liable to personal judgment for such materials, nor is his interest in the land subject to a mechanic's lien therefor.

*Appeal from Superior Court, Pierce County.*

*J. P. Cass,* and *H. W. Lueders,* for appellants.

*J. A. Williamson,* for respondents.

The opinion of the court was delivered by

SCOTT, J. — The appellant Denham was the owner of a certain lot in the city of Tacoma, and contracted in writing to sell the same to one Niehoff. Niehoff entered into possession of the property under said contract and employed one Peters as a day laborer to construct a building thereon. The respondents furnished certain material for Niehoff under Peters' directions, which was used in the construction of said building, and they filed a lien therefor

and brought this action to foreclose the same. A decree was rendered in their favor, and Denham appealed. A personal judgment for the amount of the claim was also rendered against defendants Niehoff and Denham. The action was dismissed as to Peters.

It fully appears that Denham had nothing to do with the construction of this building, or the purchasing of the material therefor. There was no foundation whatever for the rendition of any personal judgment against him in the proofs, nor can the lien upon the premises be sustained. Niehoff had possession of the premises under said contract of purchase. This contract was conditioned upon his making payment therefor, and he caused the work in question to be done while he was in possession under the contract. Subsequently he made default in the terms of the contract, and his rights thereunder were forfeited and lost, and Denham became repossessed of the premises of which he had held the legal title during all of said times. Such being the facts, this case falls within the decision rendered in *St. Paul & Tacoma Lumber Co. v. Bolton*, 5 Wash. 763 (32 Pac. Rep. 787), decided since this cause was tried. The lien only could have attached upon the interest of the defendant Niehoff, and he lost this through his failure to comply with his contract of purchase. The respondents did not attempt to comply therewith to preserve his or their rights thereunder.

The decree is reversed, in so far as it adjudges a lien upon the premises, and also as to the rendition of a personal judgment against Denham.

DUNBAR, C. J., and ANDERS, HOYT and STILES, JJ., concur.