[No. 1000. Decided November 7, 1893.]

ALBERT ILIFF, *Respondent*, v. THEODORE FORSSELL, *Appellant*, AND MILFORD J. PIERSON, *Defendant*.

MECHANIC'S LIEN — WHEN ATTACHES — LAND HELD UNDER CONTRACT OF SALE.

Where labor is performed in erecting a building upon land at the instance of a person holding a contract of sale thereon, a mechanic's lien can attach only upon the interest of the contracting party, and not against the owner of the legal title.

*Appeal from Superior Court, Chehalis County.*

*Ben Sheeks*, and *Hogan & McGerry*, for appellant.

*C. J. Pearson*, and *A. H. Garretson*, for respondent.

The opinion of the court was delivered by

SCOTT, J.—Appellant was the owner of certain lots situated in Aberdeen, Chehalis county, and contracted in writing to sell the same to defendant Pierson. The respondent, under a contract with Pierson, performed labor in erecting a building on said real estate, and brought this action against appellant and said defendant to foreclose a lien upon the premises therefor. It is not claimed that there was any contract relation existing between appellant and respondent, and it appears that respondent, at the time he performed said labor, knew that Pierson had only a contract for the purchase of said property, and that appellant was the owner of the legal title. In filing his lien notice no attempt was made to make said claim a charge upon the interest of appellant, and he was not named in the notice. It seems that the lower court rendered judgment against appellant upon the ground that he was liable because of not having posted a notice, under § 1671, Gen. Stat.

Since this cause was tried we have held, in *St. Paul & Tacoma Lumber Co. v. Bolton*, 5 Wash. 763 (32 Pac. Rep. 787), that the lien in such a case only attaches upon the interest of the contracting party, and not against the owner of the legal title, and this case is governed by that decision.

There is an attempt on the part of respondent in his brief to maintain that appellant is estopped from denying his liability, but upon just what grounds such claim is made does not clearly appear. It is not contended that he represented Pierson was the owner of the real estate, and for that matter respondent testified that he knew of the contract between appellant and Pierson relating to the sale and purchase of said premises at the time he performed the work. It does not appear that appellant had anything to do with the construction of said building in any way, further than guarantying the payment of a certain bill for lumber which was purchased by Pierson and used in the construction of the building.

*Reversed and remanded.*

DUNBAR, C. J., and STILES, HOYT and ANDERS, JJ., concur.