[No. 2667. Decided January 10, 1898.]

JOHN W. SHEEHAN *et al.*, *Plaintiffs*, v. GUSTAVE WINE-HILL *et al.*, *Defendants:* SARAH WOODWARD, *Appellant*, v. A. S. KERRY, *Intervenor, Respondent.*

MECHANICS' LIENS — LANDLORD AND TENANT — REPAIRS.

The lien for materials furnished a lessee for the repair of a building attaches to the realty and not to the leasehold interest, when the lessee was authorized by the owner of the premises to have the repairs made.

Appeal from Superior Court, King County. — Hon. WILLIAM HICKMAN MOORE, Judge. Affirmed.

*Frank P. Lewis*, for appellant.

*Allen & Allen*, and *John H. Powell*, for respondent.

The opinion of the court was delivered by

DUNBAR, J. — The essential facts in this case are briefly as follows: Sarah Woodward, the appellant here, and her husband were the owners of lot 8 in block 11, D. S. Maynard's plat of the town of Seattle, and one Gustave Winehill, who is one of the defendants in this action below, leased from them the said lot for the term of fifteen years

from the first of July, 1889. One of the conditions of the lease was that the said Winehill should erect upon the lot a good and substantial building, for which building, after the expiration of the term of said lease, the Woodwards were to pay to the said Winehill two-thirds of its value. Winehill was to pay a monthly rental and to pay the taxes on the property, and in default of the payment of the taxes and the payment of the rent, it was conditioned that the Woodwards might re-enter said premises. Winehill entered into the possession of the property under the lease. Woodward died, and the appellant became executrix under his will. It appears that the house became in danger of falling, so that the city authorities were about to move against it, and did in fact place a rope around it. Winehill entered into a contract for the repairing of the house. The respondent in this case having furnished the materials used in said repair filed his lien and brought this action for its foreclosure. The main question at issue here is whether the respondent's lien is limited to the leasehold interest of Winehill or whether his lien shall attach to the realty. Some legal questions are discussed by the appellant in his brief, but the legal propositions advanced are not disputed by the respondent. There are also some minor objections to the admission of testimony by the appellant, but we think they are without merit, so that the question presented here is, in our judgment, purely one of fact as to whether the repairing of this building was authorized by, or the expenses incident thereto were assumed by, the appellant.

The court, after finding that Winehill, in 1894, was largely indebted to the said Woodward for the rent of said property, that he failed to pay the taxes on the property under these conditions, that the said building had become unsafe for occupancy, and that the said Sarah Woodward,

both individually and as executrix of the deceased Woodward, and the said Winehill, were notified by the proper authorities of the city of Seattle that the building must be immediately repaired or in default thereof the same would be condemned and torn down, found as follows:

"That after being so notified, and some time prior to the commencement of repairs on said building, as hereinafter stated, the said Sarah Woodward acting in her own right and as executrix, as aforesaid, was demanding of the said Gustave Winehill payment of the rent of said property; that the said Winehill then stated to the said Sarah Woodward that he was unable to pay the rent due on said property because of the fact that the same was unoccupied and was unfit for occupancy and that she could expect no rent from him until the same had been repaired and put in condition for use and occupancy; that thereupon the said Sarah Woodward, both individually and as executrix as aforesaid, authorized the said Winehill to have said building repaired."

There is no question in this case that the work was performed and that the lien was duly and legally filed, nor any question of that kind. If the fifth finding of fact, which we have just recited, was justified by the testimony, the judgment must be affirmed, and from a perusal of the testimony admitted in this case we are satisfied that the finding of the court was justified by it. The testimony of Winehill is positive upon this proposition, and it is nowhere disputed. The court evidently concluded that the principal object of the defense in this case was to suppress the testimony and the facts which would throw light upon the real transactions, and we think it was justified in such a conclusion, and that the rule in relation to confidential communications between attorney and client was, to say the least, extended to its extreme limit. We have no doubt from the testimony in the case that Roger S. Greene was the attorney in fact of the appellant in this case, and that

they authorized the construction of these repairs for the purpose of obtaining their ground rent. The witness Wine-hill also testifies positively that Mrs. Woodward agreed to pay for these repairs. This testimony is not disputed, and while possibly it might have been a promise without a consideration, yet it throws light upon the question as to whether she had really agreed in the first instance to pay for the repairs before they were made.

The judgment will be affirmed.

Scott, C. J., and Anders, Gordon and Reavis, JJ., concur.