[No. 5120.  Decided December 21, 1904.]

THE NORTHWEST BRIDGE COMPANY, *Appellant,* v.
TACOMA SHIPBUILDING COMPANY *et al., Respondents.*[1]

MECHANICS' LIENS—INTEREST OF OWNER LESS THAN FREEHOLD.
Under Bal. Code § 5901, where premises are held under a contract
of sale, duly recorded, a mechanics' lien for improvements con-
tracted for by the vendee is confined to the interest of the vendee
in the land, notwithstanding the fact that the vendor, in the con-
tract of sale, requires the construction of the improvement, since
the contractor deals with the vendee at his peril, and the lien is
lost in case of forfeiture of the vendee's interest.

MECHANICS' LIENS—PARTIES—COMMUNITY PROPERTY—FORECLO-
SURE—WIFE OF OWNER NECESSARY PARTY. The wife is a necessary
party to an action to foreclose a mechanics' lien upon community
property.

SAME—AMENDMENT BRINGING IN PARTY—EXPIRATION OF TIME
LIMITED FOR FORECLOSURE. The interests of a wife or other party
in real estate can not be subjected to a mechanics' lien when not
originally made a party to the foreclosure suit and not brought
in by amendment until after the expiration of the time limited
for commencing the action.

MECHANICS' LIEN—NOTICE—SUFFICIENCY—AGENT OF AN AGENT.
A notice that the materials were furnished and the work per-
formed at the request of the S company, as agent for B, as agent
for the owners, is not sufficient under Bal. Code § 5900 requiring
it to have been done at the request of the agent of the owners.

Appeal from a judgment of the superior court for Pierce
county, Snell, J., entered July 25, 1903, upon findings in
favor of the defendants, dismissing on the merits an action
to foreclose a mechanic's lien. Affirmed.

*Frederick H. Murray,* for appellant, upon the point that
the vendor's interest is subject to the lien where the con-
tract of sale requires the vendee to make improvements
and stipulates for a forfeiture, cited: *Hickey v. Collom,*

[1]Reported in 78 Pac. 996.

47 Minn. 565, 50 N. W. 919; *Paulsen v. Manske*, 126
Ill. 72, 18 N. E. 275, 9 Am. St. 532; *Hill v. Gill*, 40
Minn. 441, 42 N. W. 294; *Althen v. Tarbox*, 48 Minn.
18, 50 N. W. 828, 31 Am. St. 616; *Henderson v. Connelly*, 123 Ill. 98, 14 N. E. 1, 5 Am. St. 490; *Kremer v.
Walton*, 11 Wash. 120, 39 Pac. 374, 48 Am. St. 870;
*Kremer v. Walton*, 16 Wash. 139, 47 Pac. 238; *Harlan
v. Stufflebeem*, 87 Cal. 508, 25 Pac. 686; *West Coast
Lumber Co. v. Newkirk*, 80 Cal. 275, 22 Pac. 231.

*E. R. York*, for respondents.

DUNBAR, J.—This is an action to foreclose a mechanics'
lien upon a certain seven-acre tract. William E. Bowen,
as agent or trustee for certain of the respondents, entered into a contract with the state of Washington for
the purchase of said tract, with other adjoining lands,
and, it is alleged in the complaint, entered into a contract with the Tacoma Shipbuilding Company for the
purpose of making certain improvements on said land,
and, upon the payment of certain money, agreed to convey said contract to said shipbuilding company. Said
shipbuilding company went into possession of the said
tract, and contracted with the Northwest Bridge Company for the construction of a portion of the improvements on said property, required by the contract of
Bowen, agent, with the shipbuilding company. The
agreement between Bowen and the shipbuilding company
was duly filed for record, and recorded in the office of
the auditor of Pierce county on April 30, 1901. This supplemental agreement provided that, in case the shipbuilding company should expend certain moneys in the construction of certain vessels, shipyards, and improvements on
said tide lands and adjacent property, within a prescribed
time, Bowen, as agent, would convey the said seven acres

of tide lands to that company; but in case it failed to do so, then the supplemental agreement, and the agreement to convey, should, at the option of Bowen, as agent, cease and become void.

On September 15, 1901, the shipbuilding company contracted with appellant to furnish materials and labor in the construction of a shipyard, and other work on said land. The shipbuilding company failed to expend the moneys, or construct the buildings or improvements, provided for by the said supplemental agreement between Bowen, agent, and the shipbuilding company; and Bowen elected to exercise his option, gave notice in writing to the company to cancel and declare null and void the agreement to convey, on account of non-compliance of the company with the terms of the supplemental agreement, and requested the company to execute and return to him a formal cancellation of the agreement, to be filed to clear the title of record, which formal cancellation was made by the company and afterwards filed.

Thereafter, on March 5, 1902, appellant filed its notice or claim of lien for $1,280, on the tide land described in the agreement, alleging in said notice that the work was done and material furnished at the request of the Tacoma Shipbuilding Company, as agent of William E. Bowen, as agent for William L. McCabe *et al.* The shipbuilding company was adjudged insolvent, action was brought to foreclose the lien, the shipbuilding company defaulted, judgment was entered against the shipbuilding company and in favor of Bowen, agent, holding the lien invalid, and decreeing that respondents be dismissed, with their costs; from which decree plaintiff appeals.

It is the first contention of the appellant that, if, in a contract of sale, the vendor requires the construction of an improvement, his interest is subject to mechanics'

liens for work done and materials furnished at the instance of the vendee. Section 5901, Bal. Code, provides that:

"The land upon which the property subject to the lien created by the last preceding section is situate, or which is a part thereof, together with a convenient space about the same, or so much as may be required for the convenient use and occupation thereof, to be determined by the court on rendering judgment in a foreclosure of the lien, is also subject to the lien, if at the commencement of the performance of the labor or of the furnishing of the materials, the land belonged to the person who, in his own behalf, or who, through any of the persons designated in the last preceding section to be the agent of the owner, caused the performance of the labor, or the construction, alteration, or repair of the property subject to the lien; Provided, That if such person own less than a fee simple in such land, then only his interest therein is subject to the lien."

The proviso, we think, has reference to the person who caused the work to be done or material furnished. Such is the construction given the statute by this court in *Mentzer v. Peters,* 6 Wash. 540, 33 Pac. 1078, which is a case parallel in principle with the one at bar, as will be seen from the following quotation from the opinion:

"It fully appears that Denham had nothing to do with the construction of this building, or the purchasing of the material therefor. [Denham being the owner of the lot upon which the lien was sought to be enforced.] There was no foundation whatever for the rendition of any personal judgment against him in the proofs, nor can the lien upon the premises be sustained. Niehoff [who employed Peters to construct the building thereon] had possession of the premises under said contract of purchase. This contract was conditioned upon his making payment therefor, and he caused the work in question to be done while he was in possession under the contract.

Subsequently he made default in the terms of the contract, and his rights thereunder were forfeited and lost, and Denham became repossessed of the premises on which he had held the legal title during all of said times. Such being the facts, this case falls within the decision rendered in *St. Paul & Tacoma Lumber Co. v. Bolton,* 5 Wash. 763, 32 Pac. 787, decided since this case was tried. The lien could have attached only upon the interest of the defendant Niehoff, and he lost this through his failure to comply with his contract of purchase."

So in this case, the record shows that the terms of the contract between Bowen and the shipbuilding company had been made a matter of public record, and the appellant had at least constructive notice of the shipbuilding company's interest, and its liability to forfeit that interest, and it dealt with it at its peril. See, *Iliff v. Forssell,* 7 Wash. 225, 34 Pac. 928.

In addition to this, the court found that the property upon which the lien was sought to be obtained was community property; that all of the respondents, excepting McCabe and the Tacoma Tug & Barge Company, were married men. This finding was not excepted to, and must, therefore, be considered a fact in this case. And it was also found, and is not denied, that the wives of respondents Thomas S. Barley, Francis J. LaFarge, William E. Bowen, S. J. Maxwell, George Arkley, John Arkley, and E. S. Hamilton were not made parties to the action, either by notice or by service of summons. It was decided in *Littell & Smythe Mfg. Co. v. Miller,* 3 Wash. 480, 28 Pac. 1035, and *Sagmeister v. Foss,* 4 Wash. 320, 30 Pac. 80, 744, that a wife was a necessary party to the foreclosure of a lien on community real estate. This position has been maintained by an unbroken line of authority ever since.

It is true that, by amended complaint filed on April

27, 1903, the wives of the respondents were brought into the action, but this was long after the statutory period for bringing the foreclosure suit had expired, and, under such circumstances, the court had no jurisdiction to pronounce judgment against them. This case falls squarely within the rule announced in *Peterson v. Dillon,* 27 Wash. 78, 67 Pac. 397, where it was said:

"The wife was not made a party to the proceedings to foreclose the lien in the case under consideration until September 15, 1900, when the two actions were consolidated. The lien notice was filed on the 19th day of August, 1899, more than a year before the wife was brought in. The property at that time, by operation of law, had ceased to be bound by the lien, because no action sufficient to bind the property had been commenced within eight months after the filing of the lien to enforce the same. The judgment of the court below, so far as it attempts to foreclose the lien on the lot in question, was void."

The principle announced in this case was reaffirmed in *Powell v. Nolan,* 27 Wash. 318, 67 Pac. 712, 68 Pac. 389, where it was said:

"We have held in *Peterson v. Dillon, supra,* that this action must be commenced against both spouses within the time limited or the court has not jurisdiction to enforce the lien against the community property."

It is contended, however, by the appellant that, in any event, the respondent McCabe was not a married man, and that, as to him and the respondent corporation, Tacoma Tug & Barge Company, the lien would attach to their interests. The Tacoma Tug & Barge Company was not made a party to the action until the time at which the wives of the respondents were made parties, and would therefore fall within the same rule; but it seems to us that, at the threshold of the case, the notice was

not sufficient. Section 5900, Bal. Code, provides the right of lien to every person. performing labor or furnishing material upon property at the instance of the owner or his agent. The lien notice, and the amended complaint in this case, both allege that the materials were furnished and work done at the request of the shipbuilding company, as agent of William E. Bowen, as agent for William L. McCabe, Thomas S. Burley, Francis J. LaFarge, William E. Bowen, S. J. Maxwell, George Arkley, John Arkley, and E. S. Hamilton. It seems to us that this allegation goes beyond the provisions of the statute, and that no authority is shown which binds the respondents in this case.

The judgment is affirmed.

FULLERTON, C. J., and HADLEY, MOUNT, and ANDERS, JJ., concur.