[No. 12296.    Department Two.    October 14, 1915.]

A. W. ADAMS et al., Respondents, v. C. P. DOSE et al.,
Appellants, LOREN McKENZIE et al., Defendants.[1]

MECHANICS' LIENS—ESTATE OR TITLE SUBJECT—LANDS UNDER EXEC-
UTORY CONTRACT OF SALE. Although ordinarily a mechanics' lien
against premises held under executory contract of sale attaches only
to the interest of the party causing the work to be done, the interest
of the vendee and also the fee of the vendor are subject to liens,
where the vendor personally contracted for the labor and materials
and the vendee had agreed to erect the building and had charge of
the construction.

SAME—CLAIMS LIENABLE—DECREE—CONSOLIDATED ACTIONS—RELIEF
TO DEFENDANTS. Upon decreeing the foreclosure of mechanics' liens
against premises held under an executory contract of sale, it is
error, in a consolidated action, to decree a lien on the property for the
personal judgment entered in favor of the vendee against the vendor
for breach of the contract of sale, in the absence of any claim of
lien filed therefor; the consolidation of the actions not warranting
decree of a lien for such personal judgment otherwise than by the
statutory procedure for general judgments.

Appeal from a judgment of the superior court for King
county, Dykeman, J., entered April 7, 1914, upon findings in
favor of the plaintiffs, in consolidated actions to foreclose
mechanics' liens and to recover on contract, tried to the
court. Modified.

*Tucker & Hyland,* for appellants.

*James B. Bruen,* for respondent McKenzie.

*Wm. Brueggerhoff, Jay C. Allen,* and *J. H. Allen,* for re-
spondents Adams et al.

PER CURIAM.—On July 29, 1913, C. P. Dose and wife en-
tered into a contract with Loren McKenzie and wife for the
sale of certain lots in C. P. Dose's Lake Washington addition
to the city of Seattle. The contract acknowledged the re-
ceipt of $100 as earnest money, to be applied on the purchase
price of $3,000. Other material provisions were, that Mc-

[1]Reported in 152 Pac. 9.

Kenzie should build on the lots a residence according to plans approved by Dose; that Dose should give a warranty deed to the lots when the house was ready for plastering; that McKenzie might give a three-year first mortgage on the property for $3,500, which was to secure money for the construction of the house; that McKenzie was to give a second mortgage to Dose for $2,900, to secure the remainder of the purchase price, this to be payable monthly at $30 per month, with interest at seven per cent, and that the contract was not to be recorded.

On August 5, McKenzie entered into a contract with the plaintiff Adams and one Ritchie for the construction of the proposed residence, according to the plans and specifications previously approved by Dose. Ritchie later assigned his interest in the contract to Adams, and has filed a disclaimer in this action. When this contract was signed, McKenzie ordered lumber from the Schwager-Nettleton Mills for the concrete forms, and had Adams begin work on the basement of the house. The excavation having been completed, Adams put up a form for the inside of the concrete wall which was to form the basement wall, and was proceeding to build a six-inch wall, using the earth at the outer edge of the excavation for the outer side of the form, when Dose objected to the wall being constructed in that manner. At Dose's direction Adams made a larger excavation, put up a form for both sides of the wall, and made the wall eight inches thick. Dose was around the work a great deal of the time the basement was being built, making suggestions, and directing the progress of the work. McKenzie was in Portland, Oregon, at this time, and did not know of the changes which Dose had ordered until his return.

While the basement was in process of construction, both Dose and Adams became doubtful whether McKenzie would make payment to the laborers and the materialmen. The testimony is conflicting as to whether Dose promised to pay Adams if McKenzie did not, or whether he promised to buy

the wall from him if McKenzie should default and he, Dose, could use the wall for future building. Adams completed the wall and, not having been paid, refused to proceed with the work. McKenzie made the payment due on September 1, but refused to make any further payments. Adams and Schwager-Nettleton Mills, who were, neither of them, paid for their labor or materials, took the proper steps to perfect their liens on the premises, and brought actions to foreclose the liens, making both McKenzie and Dose defendants. McKenzie also brought an action to recover the payments made by him on the purchase price and the expenditures he had made for labor and materials, alleging that the contract had been breached by Dose. Issue having been joined in all three actions, the causes were, on January 24, 1914, consolidated by consent of all the parties. The consolidated cases were tried to the court without a jury. At the conclusion of the testimony, the trial court made the following findings of fact, among others, as a basis for the judgments given in favor of all the parties plaintiff:

"That during the time of said work as performed by said Adams as aforesaid, the defendant C. P. Dose, between the 5th and 30th day of August, 1913, in person contracted with the plaintiff A. W. Adams for said labor, and gave his orders and instructions to the plaintiff as to the manner, size and kind of the excavating and putting in forms for the concrete for the foundation of said dwelling house as aforesaid on the real estate aforesaid, and then and there during said period in person supervised said work, and did then and there promise and agree to pay the plaintiff A. W. Adams the value of said work and labor performed and furnished as aforesaid.

"That the plaintiff, Schwager-Nettleton Mills, a corporation, on the 2d day of August, 1913, commenced and began to furnish materials consisting of rough and dressed lumber and other building materials at the request of the defendant Loren McKenzie, the person and builder having in charge the erection and construction of the structure or building thereinafter mentioned, to be used in and upon, and which were

19—87 WASH.

used in and upon, the erection and construction of that certain frame residence, building or structure situated upon the premises hereinbefore described.

"The said Loren McKenzie in all respects performed his part of said contract entered into as aforesaid until on or about the 10th day of September, 1913, when the said defendant C. P. Dose stopped the work then and there being done by said McKenzie and ordered the workmen then and there engaged in doing said work from the premises."

As conclusions of law, the court found that Adams and the Schwager-Nettleton Mills were entitled to liens upon the premises for the amounts found due them, and that McKenzie was entitled to judgment against Dose and wife for the purchase price payments and expenditures incurred in the construction. A decree was entered against McKenzie and wife and Dose and wife for the amounts of the Adams and the Schwager-Nettleton judgments, and foreclosing their liens upon the property, and against Dose and wife for the amount of the McKenzie judgment. The premises were ordered sold to satisfy the judgments. Dose and wife have appealed.

The appellants' contention is that the fee of these lots is not subject to liens for labor and materials ordered by McKenzie, who had only an equity in the property. A number of cases, from *St. Paul & Tacoma Lumber Co. v. Bolton,* 5 Wash. 763, 32 Pac. 787, to *Chavelle v. Island Gun Club,* 77 Wash. 304, 137 Pac. 511, are cited to sustain this contention. While it is undoubtedly true, under our statutory provision, Rem. & Bal. Code, § 1130, amendatory of Ballinger's Code, § 5901, that only the interest of the person who caused the work to be done and materials furnished is subject to a lien for the labor and materials, such a relation may exist between the owner of the fee and the holder of the lesser interest that the fee will be subjected to the lien. *Sheehan v. Winehill,* 18 Wash. 447, 51 Pac. 1065; *Bell v. Swalwell Land, L. & T. Co.,* 20 Wash. 602, 56 Pac. 401.

The trial court has found, in effect, that such a relation existed here. From the evidence, which was conflicting, he

has found that Dose personally contracted with Adams for his labor, and that McKenzie had charge of the erection of the building. The controversy involves disputed questions of fact. In such cases we will follow the findings of the trial court if supported by a preponderance of the evidence. We have examined the entire record and agree with the trial court in his conclusion as to both the liability for the cost of the work and the value of the wall as completed.

The only question remaining is whether the findings support the judgment. Having found that the work done by Adams and the materials furnished by Schwager-Nettleton were for Dose, and that proper steps had been taken to perfect their liens, the judgment and decree foreclosing the liens and ordering a sale of the property would follow as a matter of course.

The appellants object, however, to the decree in so far as it makes the McKenzie judgment a lien on the property. The decree orders the sale of the property to satisfy all three judgments. This was error. McKenzie took no steps to perfect a lien for the labor or materials furnished by him, and no lien would lie for the return of the purchase price paid, upon breach of the contract by Dose. The conclusion of law on this claim did not recite the claim as a lien on the property, neither do the findings nor the record support the decree in so far as it orders the sale of the property for the satisfaction of the McKenzie judgment. The McKenzie judgment is a personal judgment against Dose and wife, and becomes a lien on the property only by virtue of the statutory procedure to collect the judgment. The consolidation of the case in which it has been recovered with the cases in which liens are foreclosed does not authorize the trial court in making it a lien on the lots, except as provided by law.

The decree as entered will be modified to exclude the McKenzie judgment from the proceeds of the foreclosure sale; otherwise the judgment and decree will be affirmed.