[No. 19380.   Department Two.   January 12, 1926.]

F. B. PITCHER *et al., Respondents,* v. E. RAVVEN *et al.,*
    *Defendants,* WALWORTH MANUFACTURING COMPANY
            *et al., Appellants.*

W. F. JAHN & COMPANY, *Plaintiff,* v. E. RAVVEN *et al.,*
    *Defendants,* WALWORTH MANUFACTURING COMPANY
            *et al., Appellants.*[1]

[1] MECHANIC'S LIENS (15)—PROPERTY SUBJECT—LIEN ON INTEREST
    OF VENDOR FOR IMPROVEMENTS BY PURCHASER. The vendor is not
    estopped to forfeit the contract of sale for default, and defeat
    liens incurred by the vendee in making improvements on the
    property, by the mere fact that he had notice that the vendee
    was making the improvements, and allowed installments to fall
    due without giving immediate notice of forfeiture, where he
    neither approved nor disapproved of the work, and the contract
    did not authorize the improvements.

[2] ESTOPPEL (35-1)—ACTS MAKING INJURY POSSIBLE AS BETWEEN
    ACTOR AND ANOTHER EQUALLY BLAMELESS. A vendor and record
    owner is not estopped to defeat lien claims incurred by the
    vendee for unauthorized improvements, by failing to object or
    give notice to the lien claimants, on the theory that he should
    suffer the loss as the one of two innocent parties who caused
    the loss; since the claimants are the more culpable in failing
    to consult the records and ascertain the ownership of the land.

Appeal from a judgment of the superior court for
King county, Tallman, J., entered November 22, 1924,
upon findings in favor of plaintiffs, in consolidated
actions to quiet title, and foreclose liens, after a trial
on the merits to the court.   Affirmed.

*Donworth, Todd & Higgins,* for appellants.

*Lewis L. Stedman* and *Hastings & Stedman,* for
respondents.

MAIN, J.—These two cases in the superior court were
consolidated for trial.  The purpose of the action of

¹Reported in 242 Pac. 375.

F. B. Pitcher and wife was to quiet title to certain real property. The active defendants in that action and the plaintiff in the other action claimed liens for either labor or material furnished and sought foreclosure of the same. The trial court entered a judgment quieting the title in the plaintiffs Pitcher and wife, and disallowed all lien claims. From this judgment, the defendants Walworth Manufacturing Company, a corporation, and A. F. Marvin appeal.

The facts are these: The respondents were the owners of a certain lot or lots in the city of Seattle upon which there was a small apartment house consisting of seven apartments. This property was acquired by the respondents in October, 1919, and the deed conveying it to them was duly and regularly recorded. On October 3, 1921, they entered into a contract for the sale of the property to John A. Berkland, the purchase price of which was $18,500. After the payments provided for at the time the contract was executed, there was a balance of the purchase price amounting to $6,486.14, which, together with interest, was to be paid in monthly installments of $135 on the 10th day of each and every month thereafter until both principal and interest had been fully paid. Berkland entered into possession of the property and made the payments provided for in the contract until March 30, 1923, when he sold and assigned the contract to one E. Ravven. The contract from the respondents to Berkland was duly recorded. The assignment was not recorded.

After the contract was assigned to Ravven, and about the first of May, 1923, he began making preparations for the improvement of the property by the adding of twelve additional apartments. The contract of the respondents to Berkland provided that, in the event of default of any of the payments, conditions

or covenants thereof, thirty days' notice in writing should be required before it could be forfeited. Ravven did not make the payments due on any of the subsequent dates promptly, and repeated notices of forfeiture were given, the last of which was on September 3, 1923, and in response to this the payment due on July 10 was paid. There were no subsequent payments.

One of the materialmen began to furnish material which went into the improvement undertaken by Ravven on or about August 26, 1923. The exact date when the other materialmen began to furnish supplies and when the labor began to be performed does not clearly appear. On or about November 1, Ravven abandoned the property, left the city, and thereafter had not been heard from prior to the trial. At the time he departed, the frame work of the improvement was up and roughed in. Subsequently, the respondents gave notice in writing that the contract was forfeited, and on or about the first of January, 1924, resumed possession of the property.

There is no provision in the contract from the respondents to Berkland authorizing any improvement to be made upon the property by the purchaser. During the time the improvements were being made by Ravven, the respondent F. B. Pitcher passed the property a number of times and knew what was going on. On one or two occasions he had some talk with Ravven. He neither approved nor disapproved of the improvements. The reason he gave was that he did not believe that he had any right to, though in his opinion the improvement undertaken was not such as the property was adapted to.

[1] The question is whether the respondents are estopped from resisting the lien claims. It is probably accurate to say that there is no decision in this state which holds that the owner who has sold property

under a contract similar to the one in this case is so estopped, when he has neither, in his contract, authorized the improvement nor said or done things which operate as an estoppel. In *Northwest Bridge Co. v. Tacoma Shipbuilding Co.*, 36 Wash. 333, 78 Pac. 996, it was decided that, where premises were held under a contract of sale duly recorded, a mechanic's lien for improvements contracted for by the vendee is confined to the interest of the vendee in the land, notwithstanding the fact that the vendor in the contract of sale requires the construction of the improvement, since the contractor deals with the vendee at his peril and the lien is lost in case of forfeiture of the vendee's interest. In *Adams v. Dose*, 87 Wash. 575, 152 Pac. 9, it was held that the general rule is that the interest of the person who caused the work to be done or the material furnished is subject to a lien for labor and materials, but that such a relation may exist between the owner of the fee and the holder of the lesser interest that the fee will be subjected to the lien. In that case the owner of the fee interest was around the work a great deal of the time, making suggestions and directing its progress.

In the present case, these facts do not appear. In *Dahlman v. Thomas*, 88 Wash. 653, 153 Pac. 1065, the earlier decisions were reviewed and the conclusion reached that the fee interest may be subject to the lien created by the owner of the lesser interest, when the owner of the fee had authorized the improvements and had an interest in the profits that would arise therefrom. It was there said:

"Summing up these cases, they have relieved the landlord when he had profits but had not authorized improvements, and have relieved a vendor when he had authorized the improvements but had no interest in the profits. In the present case the owner has both features against him."

It is contended, however, that, since the respondent permitted Ravven to become in default in the payments, by reason of this fact he should be estopped from asserting that the liens do not attach. If effect should be given to this contention, it would mean that the vendor, at his peril, must immediately forfeit a contract in the case of default where the vendee has undertaken the improvement of the property, or make the fee interest in the property subject to the lien in the event that the contract should be subsequently forfeited. In the case of *Bell v. Swalwell Land, L. & T. Co.*, 20 Wash. 602, 56 Pac. 401, there is some language which, if read independently of the facts in that case, would lend support to this position. It was not, however, in that case, as we view it, intended to state as a general proposition that the vendor must forfeit immediately upon default or subsequently be denied his right to resist lien claims against the fee. That case, in its facts, differs from the one now before us in two material respects. In the first place the sale contract was not recorded, and in the second place there was only an attempt to foreclose liens upon the building which had been erected. It would be a harsh rule which would require the vendor to forfeit immediately upon the default in payments upon the contract or other covenants, or lose his right to resist lien claims which had been created by the purchaser in the event of a subsequent forfeiture in the absence of anything that would work an estoppel. Such a rule would penalize the vendor for his forbearance to his purchaser and at times would undoubtedly work great hardship upon purchasers who temporarily were unable to meet payments when due or perform other covenants at the time the contract required them to be performed. The case of *National Lumber Co. v. Whalley*, 162 Cal. 224, 121 Pac. 729, decided by the supreme court of Cali-

fornia, is not in point, because in that state there was a statute giving a lien upon property for labor and material furnished with knowledge of the owner. There is no such statute in this state.

[2]  Finally, it is contended that this case calls for the. application of the rule that, where one of two innocent parties must suffer, the loss must fall upon the one who was the less innocent, and the case of *Long v. McAvoy,* 133 Wash. 472, 233 Pac. 930, 236 Pac. 806, is cited as supporting the view that the greater fault was upon the respondents in this case and that consequently the loss should fall upon them. But that case is rather authority for the opposite position. There, there was a conditional bill of sale obtained by fraud from the purchaser of an automobile which had been assigned, and the defendant acquired the bill of sale in good faith for the full value in the ordinary course of business, the plaintiff acquiring the car from the original purchaser after the recording of the bill of sale. It was there held that, since the purchaser did not consult the records from which he could have learned of the bill of sale and the fraud, he was the one of the two innocent parties who should suffer and bear the loss occasioned by the fraud of the original seller of the car. Applying that holding to the present case, if the lien claimants had consulted the records, they would have found that the respondents were the record owners of the property and had made a contract of sale to Berkland which contract did not authorize the making of any improvements. By following the inquiry they would have ascertained that Ravven had no greater interest in the property than did Berkland.

In the present case there are no facts which would justify the holding that the respondents were estopped from resisting the lien claims. Neither of them did

any act or made any statement upon which the lien claimants relied in furnishing material or labor. In fact, the lien claimants did not know that anyone had any interest in the property except Ravven, until after the material had been furnished and the labor performed, while, as already said, if they had consulted the record they would have learned the facts with reference to the title to the property.

The judgment will be affirmed.

TOLMAN, C. J., MITCHELL, PARKER, and MACKINTOSH, JJ., concur.