[No. 3164. Decided February 25, 1899.]

JAMES E. BELL et al., Respondents, v. LIZZIE GROVES et al., Respondents, SWALWELL LAND, LOAN AND TRUST COMPANY, Appellant.

MECHANICS' LIENS—BUILDING ON ANOTHER'S LAND—PRIORITIES—
ESTOPPEL.

Where a vendor of land who has given an executory contract for its sale, which he is entitled to declare forfeited for non-payment of installments of purchase price due him, stands by and sees materials furnished for improvements made thereon by third parties in ignorance of his rights, under a lease of the premises by his vendee, he is estopped from claiming a forfeiture as to the improvements, and they may be removed and sold, under Bal. Code, § 5916, for the purpose of satisfying the lien claims of material men and laborers.

Under Bal. Code, § 5903, providing that mechanics' and mate-
rial men's liens shall be preferred to any lien or other incum-
brance which may have attached prior to the furnishing of the
same, which was not recorded so as to create constructive notice
prior to such time, and of which the lien claimant had no notice,
where materials have been furnished in ignorance of the real
title, to persons in undisputed possession claiming ownership
under an executory contract for the sale of land, which had not
been recorded and which was forfeitable for breach of conditions
therein, the lien for such materials is entitled to priority over
the rights of the vendor, although entitled to a forfeiture under
the contract and although the record title has been in the vendor
during the whole time.

Appeal from Superior Court, Snohomish County.—
Hon. Frank T. Reid, Judge. Affirmed.

*Black & Edwards,* for appellant.

*Cooley & Horan,* and *Craddock & Hartnett,* for re-
spondents.

The opinion of the court was delivered by

Dunbar, J.—On the 4th day of December, 1891, the
appellant, being the owner of a lot in Everett, entered into
a contract with one Farrell upon the payment of $1,000,
$333.33 being paid on the execution of the contract and
the balance to be paid in two equal payments in one and
two years, respectively. The agreement contained the pro-
vision that all improvements placed upon the land should
remain and should not be removed before final payment.
It was also agreed that in case the party of the second part
failed to make the payments, as per agreement, the party
of the first part should have the right to declare the agree-
ment null and void. This was the substance of the agree-
ment, time being made especially of the essence of the con-
tract. None of the deferred payments were made by Far-
rell or any one else. About June 1, 1893, Farrell leased
the lot to defendant Lizzie Groves, who then proceeded to

erect thereon a three-story frame building. The Pacific Hardware Company furnished certain materials, which were used in the construction of the said building, and filed claims for liens upon said building and lot. Taxes against the lot and improvements thereon were not paid, and about the 1st of October, 1897, the appellant declared the said contract made by it forfeited, together with the sum paid thereon and the improvements made upon the lot, and took possession of the premises. This action was brought to foreclose the liens mentioned above. Upon the trial the court found, as a conclusion of law, that the plaintiffs and the Pacific Hardware Company and the assignees of the Ford-Townsend Hardware Company were entitled, as against appellant, to first and prior liens upon the building, and entered a decree in accordance with said conclusion, ordering the building to be sold and decreeing that the purchaser of the building be allowed to remove the building from the lot at any time within sixty days after the sale; to which conclusion of law and decree the appellant duly excepted and, from the judgment rendered therein, has appealed.

There is no controversy as to the amount of the materials furnished or their value, and no dispute as to any of the facts, the facts all having been stipulated by the attorneys of the contending claimants. It is stipulated that this agreement was not recorded; that the appellant had notice and knowledge of the construction of the building upon the lot described and of the furnishing of the materials by these claimants at the time said building was in course of construction; that it did not give to said lien claimants any notice whatever of its claim in and to said structure, and never in any manner notified said lien claimants that it claimed any interest in or lien upon said structure, unless the fact of such record title was notice, the record title to the land itself being in the appellant.

It is also stipulated that Lizzie Groves, at the time of the construction of the building, was in open and notorious possession of the lot upon which the building for which said materials were furnished stood, and that she at all times represented to the lien claimants that she was the owner of the said building, and that said parties furnished the said materials to the said Lizzie Groves to be used in the construction of said building, believing her to be the owner thereof.

We think the conclusions of law reached by the court were correct and that justice was done.    Section 5916, Bal. Code (Laws 1893, p. 38, § 17), provides that

" When, for any reason the title or interest in the land, upon which the property subject to the lien is situated cannot be subjected to the lien, the court may order the sale and removal from the land of the property subject to the lien to satisfy the lien."

It is the contention of the appellant that the principle underlying this case was decided by this court in its favor in *St. Paul & Tacoma Lumber Co. v. Bolton,* 5 Wash. 763 (32 Pac. 787); but in that case the bond for a deed had been recorded.    This fact was especially dwelt upon by the court as being the material point in the case.    Neither was there any question of estoppel in that case, such as seems to be involved here.    According to the stipulated facts, the appellant here stood by and saw the material furnished for this building by parties who honestly believed that the building was owned by the lessee.    No notice of appellant's rights was given to these parties, and it will be observed that this material was not furnished for the building until after the default in the payment of the purchase price; and it would be against equity and good conscience to allow the appellant to take advantage of these parties for the purpose of enhancing the value of his own premises.    It had a right at any time subsequent to

the default to declare the forfeiture. It ought in good conscience to be compelled to declare the forfeiture before the premises were rendered more valuable by reason of the material furnished by these respondents, but it did not see fit to make an election until after the interests of third parties had accrued. Section 5903, Bal. Code (Laws 1893, p. 33, § 4), provides that

" The liens created by this chapter are preferred to any lien, mortgage or other incumbrance which may attach subsequently to the time of the commencement of the performance of the labor, or the furnishing of the materials for which the right of lien is given by this chapter, and are also preferred to any lien, mortgage or other incumbrance which may have attached previously to that time, and which was not filed or recorded so as to create constructive notice of the same prior to that time, and of which the lien claimant had no notice."

Even if it could be said that this lien attached under the conditions of this agreement before the forfeiture was declared, it seems to us that, under the last provision of the section just above quoted, the respondents' liens here would be preserved; for this incumbrance, whatever it may be termed, had not been recorded, and we do not think that the fact that the legal title to the land was in the appellant affects the construction of the statute. The mortgage or incumbrance mentioned in the statute was evidently a mortgage or incumbrance affecting the land, and not affecting the structure on the land, which could be removed as this building could be removed, upon the stipulated facts, without affecting the realty.

The judgment will be affirmed.

GORDON, C. J., and FULLERTON, ANDERS and REAVIS, JJ., concur.