[No. 12409.   Department Two.   May 27, 1915.]

## C. M. HAYS, *Appellant,* v. MONTESANO MILL COMPANY *et al., Respondents.*[1]

MECHANICS' LIENS — MATERIALMEN — NOTICE—STATUTE—"AGENT."
Under 3 Rem. & Bal. Code, § 1133, requiring, in order to obtain a
mechanics' lien, the giving of written notice to the owner of the
building of the furnishing of any materials or supplies, within five
days after the first delivery of such material "to any contractor or
agent," the term "agent" must be construed as meaning agent of
the owner and not of the contractor; and includes a lessee in pos-
session under obligation to make the improvements, as agent of the
owner.

Appeal from a judgment of the superior court for Che-
halis county, Sheeks, J., entered January 24, 1914, upon
sustaining a demurrer to the complaint, dismissing an action
to foreclose a materialman's lien.   Affirmed.

*W. H. Abel,* for appellant.

*Bridges & Bruener,* for respondent Montesano Lumber &
Manufacturing Company.

FULLERTON, J.—On May 18, 1911, the respondent Mon-
tesano Lumber & Manufacturing Company, being then the
owner of certain mill property, leased the same to J. W.
Sumrall, A. B. Crosier, and A. K. Foss, for a term of three
years, at a rental of $300 per month.   The lease was in writ-
ing and contained, among others, the following conditions:

"It is agreed that whereas the said mill at this time needs
new machinery and equipment, that second parties shall fur-
nish as advance payment upon said rent, certain machinery
and equipment, a list of which has this day been agreed upon,
which machinery and equipment, with the cost of installation,
shall not exceed ten thousand ($10,000) dollars, and up to
that amount they shall be allowed a credit upon the rental
to be paid by them, but for any machinery, or equipment,
or cost of installation beyond that amount, then they shall

[1]Reported in 148 Pac. 881.

receive no credit upon said rent due under this lease. To entitle second parties to said credit or machinery, equipment and cost of installation, the first party will be consulted concerning the plan, character and class of the machinery furnished and installed; that upon such installation the machinery and equipment so furnished shall be and become the property of the lessor and therefor the lessees shall receive credit at the rate of three hundred ($300) dollars per month, which shall be applied so far as may be towards the advance payment of said rent."

Subsequently, with the consent of the lessor, the lessees assigned their interests in the lease to the defendant Montesano Mill Company, who assumed the obligations due from the original lessees therein. Thereafter the Montesano Mill Company purchased of the Crane Company, and installed in the mill, certain machinery of the character of that described in the list mentioned in the lease, and of the value of $1,090.08. It subsequently failed to pay for the machinery according to the terms of the contract of purchase, and the vendor thereof filed a lien against the fee of the leased property for the amount of the claim, pursuant to the statutes relating to liens of mechanics and materialmen. After the filing of the lien, the Crane Company assigned the same to the appellant, who instituted the present action to foreclose the same. Foreclosure was denied her in the court below and, from the judgment entered, this appeal is prosecuted.

The trial judge denied the right of lien for the reason that the company furnishing the materials for which the lien is claimed did not deliver to the owner of the property the notice required by § 1133 of 3 Rem. & Bal. Code. This section reads as follows:

"Every person, firm or corporation furnishing materials or supplies to be used in the construction, alteration or repair of any mining claim, building, wharf, bridge, ditch, dike, flume, tunnel, well, fence, machinery, railroad, street railway, wagon road, aqueduct to create hydraulic power, or

any other building, or any other structure, or mining claim or stone quarry, shall, not later than five (5) days after the date of the first delivery of such materials or supplies to any contractor or agent, deliver or mail to the owner or the reputed owner of the property on, upon or about which such materials or supplies are to be used, a notice in writing, stating in substance and effect that such person, firm or corporation has commenced to deliver materials and supplies for use thereon, with the name of the contractor or agent ordering the same, and that a lien may be claimed for all materials and supplies furnished by such person, firm or corporation for use thereon; and no further notice to the owner shall be necessary. No materialmen's lien shall be enforced unless the provisions of this act have been complied with."

It is the appellant's contention that the statute is inapplicable to the conditions here existing. She contends that where a lessee agrees to make permanent improvements on the leased property in lieu of rent, the lessee is not a contractor in the sense in which that term is used in the lien statutes, but is the agent of the owner for the purpose of making the improvements, and as such agent may subject the fee to the claims of materialmen.

But since the statute requires the notice to be given the owner of the property sought to be charged with the lien when the materials are ordered by and delivered to "any contractor or agent," the notice must be given to the owner in order to perfect the lien even when the materials are ordered by his agent, unless it is to be held that the "agent" referred to in the statute is the agent of the contractor, and not the agent of the owner of the property. This we cannot hold. Plainly the agent referred to is the agent of the owner of the property. There may be some inconsistency in providing that the owner shall receive notice of his agent's acts in order to be bound by them, but it must be remembered that the right to a materialman's lien is statutory. Without a statute granting it, no such right exists. When, therefore, the legislature grants the right, it may annex such conditions

thereto as it chooses, and the courts must give them force
however contrary the provisions may seem to be to the gen-
eral rules of law.   But we see nothing out of the ordinary in
the particular provision.   The notice is intended for the pro-
tection of the owner.   It is intended to prevent the enforce-
ment of false claims against his property, and is just as much
necessary for that purpose whether the order for the ma-
terials be given by his agent or by his contractor.   The rule
works no hardship upon the materialman.   The requirement
of the statute is simple, and he has but to comply therewith
in order to secure its benefits.

The judgment is affirmed.

MORRIS, C. J., CROW, ELLIS, and MAIN, JJ., concur.