[No. 13597.   Department Two.   January 8, 1917.]

SPOKANE VALLEY LUMBER AND BOX COMPANY, *Appellant*. v.
G. W. DAWSON *et al., Respondents.*[1]

MECHANICS' LIENS—NOTICE TO OWNER—NECESSITY.  Where materials are furnished to the owner upon the order of the owner's general agent in full control and management of the lands, it is not necessary to give the owner the five days' written notice of the delivery of the materials provided for by Rem. Code, § 1133.

Appeal from a judgment of the superior court for Spokane county, Blake, J., entered May 5, 1916, upon findings in favor of the defendants, denying the foreclosure of a mechanics' lien, tried to the court.  Reversed.

*J. E. McAndrew*, for appellant.

MORRIS, J.—Appeal from a decree denying the foreclosure of a materialman's lien.  The essential facts are as follows:

Respondents are husband and wife, residing upon lands near Spokane which are the separate property of the wife. For many years the respondent has acted as the general agent of the wife in the full control and management of these lands, cultivating the same, marketing the crops, collecting the moneys due thereon, and purchasing supplies.  In July, 1913, the respondent husband ordered from the appellant certain material for use in the construction of a building upon the lands.  The materials were delivered upon the premises, used in the construction of the building, and, not being paid for, a lien was filed and this action brought to foreclose the same.  It appearing that the wife was the owner of the lands, and appellant not having, within five days after the first delivery of materials, given written notice to the wife of the furnishing of the materials, as provided for in Rem. Code, § 1133, the lower court was of the opinion that the lien was unenforcible, and so held, although render-

[1]Reported in 161 Pac. 1191.

ing judgment against each respondent for the purchase price of the materials.

The refusal of foreclosure was error. We have held whenever this question has been before us that, when the materialman furnishes material to the owner, either directly or through an agent of the owner, the statute in question has no application. *Rieflin v. Grafton,* 63 Wash. 387, 115 Pac. 851; *Architectural Decorating Co. v. Nicklason,* 66 Wash. 198, 119 Pac. 177; *Hewitt-Lea Lumber Co. v. Chesley,* 68 Wash. 53, 122 Pac. 993; *Brace & Hergert Mill Co. v. Burbank,* 87 Wash. 356, 151 Pac. 803. There is no question here but that the husband was the wife's agent in the purchase of this material and that delivery was made to the wife. The case is ruled by those cited.

Respondents have not appeared in this court, but appellant's brief suggests that the lower court was of the opinion that in *Hays v. Montesano Mill Co.,* 85 Wash. 604, 148 Pac. 881, this court had departed from the rule of the cited cases. It was not so intended, nor can we so read the *Hays* case when the language there used is applied to the facts before the court, which must always be done to clearly interpret any ruling. In that case, certain machinery was installed by the lessee of a mill. Failing to pay for the same, a lien was sought to be foreclosed against the fee. No notice was given to the owner of the fee of the furnishing of the material, and it was sought to avoid this defect by a contention that the lessee was the agent of the owner for the purpose of improving the property, and hence the owner was not entitled to notice. Finding no agency in this relation, we held otherwise, and while perhaps, as in many cases, the language used, disassociated from the facts, may lead to the belief that the court was holding that notice to an owner was necessary even though the sale was made to the owner through his agent, it is evident it was not so intended, as no reference was made to the previous cases holding no notice is necessary in such a case, nor is any reference made to this case as establishing

a contrary rule in the subsequent case of *Brace & Hergert Mill Co. v. Burbank, supra.* All that could be held in the *Hays* case, and all that was intended, was that the lessee of a mill property could not so bind the owner of the fee in installing machinery as to render it unnecessary to serve written notice upon the owner in an attempt to subject the fee to a materialman's lien. It will be seen at once that such a holding does not conflict with the rule that where, as here, the material is furnished to the owner though ordered by an agent, the serving of written notice is not necessary to bind the owner.

The judgment is reversed, and the cause remanded with instructions to enter a decree of foreclosure.

HOLCOMB, PARKER, FULLERTON, and WEBSTER, JJ., concur.