[No. 14886. Department Two. January 6, 1919.]

GILE INVESTMENT COMPANY, *Respondent,* v.
H. H. FISHER *et al., Appellants.*[1]

MORTGAGES (124-1)—PARTIAL RELEASE. Under a mortgage providing for partial releases upon recording a plat and the sale of lots, there can be no right to releases where the plat was not "placed on record" as stipulated in the mortgage.

MECHANICS' LIENS (83)—FORECLOSURE—LIMITATIONS. Where mechanics' liens that were subsequent to a mortgage were foreclosed without making the mortgagee a party, he is not bound, and the liens expire if suit is not commenced within the eight months limited by Rem. Code, § 1138.

SAME (71)—PRIORITIES—MORTGAGES. Where liens have expired by limitation as to a prior mortgagee, who was not made a party to the lien foreclosure, on foreclosure of the mortgage the lienholders can assert no priority over the mortgage by virtue of execution sales under their lien foreclosures.

SAME (8)—INTEREST SUBJECT—REMOVAL OF BUILDINGS—RIGHTS OF MORTGAGEE. Rem. Code, § 1146, providing for the removal and sale from the land of property subject to a mechanics' lien, in case title to the land cannot be subjected thereto, has application only to cases where the work or material was furnished at the instance of the owner of less than the fee, and not to liens placed by the owner of premises subject to prior mortgages.

Appeal from a judgment of the superior court for Pacific county, Hewen, J., entered November 5, 1917, upon findings in favor of the plaintiff, in an action to foreclose a mortgage, tried to the court. Affirmed.

*N. H. Bloomfield,* for appellants.
*Welsh & Welsh,* for respondent.

[1]Reported in 177 Pac. 710.

Holcomb, J.—Respondent brought this action to foreclose its mortgage, in July, 1916. On April 2, 1913, the Klipsan Land Company executed and delivered to the respondent three promissory notes, each for $3,356.25, with interest at six per cent per annum until paid, payable in one, two and three years, respectively. For the security of these notes, the Klipsan Land Company executed and delivered its mortgage. No part of the notes or mortgage had ever been paid, excepting that, on April 13, 1914, $500; on May 7, 1914, $50; on June 6, 1914, $50; and on October 10, 1915, $50, were paid.

The mortgage provided that, in case default be made in the payment of the principal or interest on any of said notes, the mortgagee had the option to elect and declare all of the notes to be due. It further provides:

"It is agreed between the parties hereto that the first party may, if he so desires to, cause said lands above described, or any part thereof, to be platted into lots and blocks, dedicating streets, alleys and public way to the public, and that immediately upon said plat being placed of record, the land so dedicated for streets, alleys or public way shall thereupon be discharged from the lien of the mortgage without any further action on the part of either party hereto.

"It is further agreed that if the first party shall plat said property above described or any part thereof into lots and blocks, that it may sell and dispose of any of said lots or any number of lots, and the second party will execute the proper instrument or instruments discharging from the lien of the mortgage the property so sold upon the first party giving to the second party one-half of the purchase price so received by second party for the property so sold, which payment so made shall apply on the principal and interest hereby secured. No lot to be sold for less than $50."

A plat of the lands was made, but it was never filed or recorded in the office of the county auditor for the

reason that the civil engineer refused to deliver same until paid for his services. The Klipsan Land Company, or Klipsan Hotel Company, commenced to erect a hotel building upon a part of the platted townsite property, which would comprise about six to eight lots of land approximately 300 by 450 feet in dimension, included in the Klipsan Land Company's mortgage to the respondent. Defendants Lee, Kline and Lagerquist performed work and labor upon the hotel building during 1914, and filed liens therefor which were assigned to defendants Fisher, Thorsen & Company, who had sold and delivered building material for the hotel building from June to September, 1914, and filed a lien for same. On June 12, 1915, Fisher, Thorsen & Company foreclosed these liens and obtained judgment for $1,436.18, costs $32.40, and an attorney's fee of $150, against the Klipsan Land Company, the only defendant. January 12, 1916, execution issued on this judgment, and Fisher, Thorsen & Company purchased at the sheriff sale, on February 19, 1916, for the sum of $1,720.87, the property described in the sheriff's deed issued to it February 24, 1917.

It was alleged by appellants that the Klipsan Land Company, when the material was used and when the work and labor were performed in the construction of the hotel building, had represented and agreed with and assured these several defendants that the indebtedness so created would be paid in cash, and if not, that they should and would have a lien upon the building and premises, with the right of removal of the building, inasmuch as it could be removed without injury to the land; that respondent had knowledge of and acquiesced in the agreement and representations of the Klipsan Land Company with the other defendants herein; that the hotel building can be removed without

injury to the land, and appellants desire to remove same; that the erection of the building and the furnishing of labor and material by defendants were with the knowledge, consent and concurrence of respondent for the purpose of increasing the value of the property under mortgage and its other holdings; that appellants were assured by the Klipsan Land Company that respondent's mortgage provided that the premises upon which the building was to be erected could, and would, be released from the effect of the respondent's mortgage upon payment of a minimum price of $50 per lot for the lots embraced in the hotel premises. Appellants made and kept good a tender of $400 for the purpose of having respondent decreed to release six lots of the hotel grounds from the effect of its mortgage.

Judgment of foreclosure was rendered for respondent, denying the appellants the right to have any part of the land released from the mortgage, from which they appeal.

Appellants contend that the court should have held: (1) That the appellants' rights under their sale and sheriff's deed are superior in law to those of the respondent, although subsequent in point of time; (2) that the Gile Investment Company, a stockholder, was bound by the representations of the Klipsan Land Company's president, Captain A. T. Stream, when purchasing the material and employing the labor in the construction of the hotel building; (3) that, under the peculiar circumstances shown in this case, the right of the removal of the building, if so desired, should have been granted; (4) that the respondent was estopped from claiming the superiority of its mortgage over the liens of the appellants; and (5) that plaintiff should be required to accept $300 of the $400

tendered and on deposit, covering the six lots at $50 per lot under the release clause of the mortgage, and to execute release accordingly.

Determining the fifth claim first, no relief can be granted of that nature, for the prime and sufficient reason that no plat "was placed of record" as stipulated in the mortgage, and no one, therefore, is bound by that provision, even granting that appellants, strangers to the agreement, would be entitled to the benefit of that stipulation.

No action was commenced to foreclose appellants' liens, as against respondent, within the life of appellants' liens. Rem. Code, § 1138, provides that:

"No lien created by this chapter binds the property subject to the lien for a longer period than eight calendar months after the claim has been filed unless an action be commenced in the proper court within that time to enforce such lien; . . ."

It was said in *Davis v. Bartz,* 65 Wash. 395, 118 Pac. 334:

"Since the lien expires by force of the statute unless action be commenced within the statutory time, it is necessary to the pleading and proof of a valid lien that the complaint allege and evidence show that the work was done or materials furnished within that time, or the action cannot be maintained. This necessarily results from the wording of the statute, as construed by this court in a number of decisions. *Rees v. Wilson,* 50 Wash. 339, 97 Pac. 245; *Northwest Bridge Co. v. Tacoma Shipbuilding Co.,* 36 Wash. 333, 78 Pac. 996; *Peterson v. Dillon,* 27 Wash. 78, 67 Pac. 397; *Powell v. Nolan,* 27 Wash. 318, 67 Pac. 712, 68 Pac. 389.

"It is the manifest purpose of this statute to require the claimant to bring suit to establish his lien while the evidence upon which it rests is sufficiently recent to enable any party interested to successfully contest it if the facts do not warrant the lien. The claimant must accord this opportunity within the time

limited or lose his lien. It is equally manifest that this right of contest is as valuable, and should be as available, to a mortgagee as to the owner. A mortgagee has something more than a mere right to redeem as against an antecedent lien. He has a right to contest its validity or assail its priority if the evidence warrants either defense. He is entitled to his day in court upon these matters, within the period fixed by the statute. In this respect there is no valid distinction between necessary parties and proper parties. *Union Nat. Sav. & Loan Ass'n v. Helberg,* 152 Ind. 139, 51 N. E. 916.''

What appellants attempt is to establish their liens and judgment as superior equities, although subsequent in time, by alleged notice, consent, and estoppel. This they should have sought in their prior suit.

Respondent, not having been a party to appellants' lien foreclosure proceedings, cannot be bound by the lien judgment and have a prior mortgage subverted to inferiority to appellants' subsequent lien judgment. Appellants' second contention cannot be upheld for the same reasons.

As to the third contention, in regard to the removal of the building, we held in *Cutler v. Keller,* 88 Wash. 334, 153 Pac. 15, L. R. A. 1917C 1116, that § 1146, Rem. Code, providing for the removal and sale from the land of property subject to a mechanics' lien, in case the title or interest in the land cannot be subjected to a lien, has application only to cases where the work or material was furnished at the instance of a party owning less than the fee, and not to liens placed by the owner of the fee on premises subject to prior mortgages.

The judgment of the trial court must be affirmed.

MAIN, C. J., MOUNT, FULLERTON, and PARKER, JJ., concur.