[No. 15889.  Department Two.  July 21, 1920.]

M. C. MILLER, *Respondent,* v. JOSEPH SCHOBER *et al.,*
*Appellants.*[1]

MECHANICS' LIENS (40-1)—NOTICE TO OWNER—NECESSITY.  Notice
to the owner of the delivery of material, as required by Rem. Code,
§ 1133, is not necessary where the material was furnished to a con-
tractor on the owner's order, and upon the contractor's failure to
pay, the owner ordered the delivery to continue.

Appeal from a judgment of the superior court for
Kittitas county, Davidson, J., entered August 25, 1919,
upon findings in favor of the plaintiff, in an action to
foreclose a mechanics' lien, tried to the court.  Af-
firmed.

*Ralph Kauffman,* for appellants.

*G. P. Short* and *C. R. Hovey,* for respondent.

MOUNT, J.—This action was brought to foreclose a
lien for lumber furnished by the plaintiff and used in
the construction of a building for the defendants
Schober and wife.  On the trial of the case to the court
without a jury, judgment was rendered in favor of
the plaintiff for the amount of his claim.  The defend-
ants have appealed.

There is no dispute as to the amount of the material
furnished nor its value, nor as to the balance due on
account thereof.  The sole question is whether Mr.
Schober's property is liable for the amount of the
claim.  It appears that, in June of 1918, Mr. Schober
entered into an agreement with one Hutter for the
construction of this particular building, and also an-
other building.  Mr. Hutter constructed the building,
obtaining the lumber from the respondent.  Before the

[1]Reported in 191 Pac. 800.

building was finally completed, he became embarrassed and was unable to pay the balance due for the lumber. The respondent filed a claim for lien.

It is conceded that no notice was served upon the appellant as provided for in § 1133 of Remington's Code. The appellant insists here that the trial court erred in sustaining the lien because this notice was not served. The respondent maintained in the lower court, and maintains here, that there was no obligation to serve the notice provided for in that section, because the lumber was ordered by the appellant himself, and therefore it was not necessary for the notice to be given him. This court has held in several cases that, "when the materialman furnishes material to the owner, either directly or through an agent of the owner, the statute in question has no application." *Spokane Valley Lumber & Box Co. v. Dawson*, 94 Wash. 246, 161 Pac. 1191, and cases there cited. Upon this question the trial court found as follows: That the appellant, with Mr. Hutter, went to the respondent, and Mr. Schober

"thereupon solicited plaintiff . . . to supply him, the said defendant, with the building materials which he would need in the construction of two buildings which he was about to erect in the city of Cle Elum, and of the construction of which buildings the said Frank Hutter was to have charge; and the said Schober thereupon informed the said plaintiff that the said Hutter would inform him of the details as to what would be needed."

The trial court also found that, after Mr. Hutter became insolvent and had notified the respondent that he would not be able to pay for any more lumber, the respondent notified Mr. Schober of that fact

"and asked him what his wishes were in the matter, and Schober instructed plaintiff to go ahead and con-

tinue the supplying of materials, as the building had to be completed, and that practically all of the materials which had not been paid for were supplied on and after said time."

These findings were made upon disputed testimony, but we have read the statement of facts carefully and conclude therefrom that the findings are amply justified by the testimony. In fact, we are of the opinion that the weight of the evidence is in favor of these findings. This being true, it follows that, under the rule above stated, it was not necessary for the respondent to give notice to the owner of the building as required by § 1133, Rem. Code, because, under these facts, the material was furnished upon the order of the appellant. He knew that the respondent was furnishing the lumber, and not only that, when he was informed that Mr. Hutter could not pay for more, he told the respondent to go ahead and continue furnishing materials, and that, after that time, all the materials which had not been paid for were supplied.

The judgment appealed from must therefore be affirmed.

HOLCOMB, C. J., FULLERTON, TOLMAN, and BRIDGES, JJ., concur.