[No. 20835.  Department One.  November 23, 1927.]

COLBY & DICKINSON, INCORPORATED, *Appellant,* v.
CHARLES BAKER *et al., Defendants,* S. E.
HITSMAN *et al., Respondents.*[1]

[1] MECHANICS' LIENS (9)—PROPERTY AND RIGHTS SUBJECT TO LIENS
—LEASEHOLD—BUILDINGS CONSTRUCTED BY TENANT. A material-
man's lien against a building, erected on leased ground by the
tenant, cannot be sustained, where the lease gave the tenant
no right to remove the building, and no notice of the furnishing
of the material was given to the owner of the land, as required
by Rem. Comp. Stat., § 1133; in view of Id., § 1130, restricting
the lien to the tenant's interest in the land, which was for-
feited for non-payment of rent.

[2] LANDLORD AND TENANT (66)—PREMISES AND USE—IMPROVEMENTS
—RIGHT TO REMOVAL. Under a lease providing that buildings
erected on the land are to become the property of the lessor at
the end of the term, buildings erected by the tenant become
part of the land on termination of the lease for non-payment
of rent, freed from any claim of lien against the tenant's
interest.

Appeal from a judgment of the superior court for
King county, French, J., entered February 2, 1927,
upon findings in favor of the defendants, in an action
to foreclose a materialman's lien, tried to the court.
Affirmed.

*Alexander & Bundy,* for appellants.

*Frank M. Egan,* for respondents.

TOLMAN, J.—Appellant, as plaintiff, brought this
action to foreclose a materialman's lien. The facts are
simple and undisputed. Defendants Baker and Baitey
were in possession, under a written but unrecorded
lease, of a tract of land owned by respondents Hits-
man. While so in possession, they purchased from
appellant certain building material, which was deliv-

[1]Reported in 261 Pac. 101.

ered to the leased premises and there used in the erection of a small frame building, some 20x30 feet in size, standing on blocks, but not otherwise physically attached to the real estate. Having failed to receive payment for the material, appellant, in due time, filed its claim of lien; and at about that time, Baker and Baitey, being in default in the payment of rent, vacated and abandoned the property and the lease was terminated. By its judgment, the trial court denied the lien, and the plaintiff has appealed.

[1, 2] Appellant disclaims any right to a lien against the land, but seeks only to enforce its lien against the building; and therefore argues that Rem. Comp. Stat., § 1133, requiring notice of the furnishing of material to the owner does not apply. It urges, generally, that the lien provided for in § 1129, Rem. Comp. Stat., is primarily upon the building into which the material went; that § 1130 extends the lien secondarily to the interest in the land of the person who caused the building to be constructed, and that § 1146, under the conditions here shown, warrants the court in directing the sale and the removal of the building from the land.

Respondents, upon the other hand, point out that the lease provides, "buildings erected on land are to become property of lessors at end of term," and seek to bring the case within the rule of *Hays v. Montesano Mill Co.,* 85 Wash. 604, 148 Pac. 881. In that case, the lease expressly provided that the lessees should install certain machinery, to become the property of the lessors on installation, the cost of which would be credited upon the rentals reserved. Quite properly, the court there held, in effect, that the lessees were contractors, within the meaning of the statute, for the installation of the machinery, as such were the statutory agents of the owner, that notice to the owner of the furnishing of the material was required by § 1133, *supra,* and that

without such notice the materialman might not subject the owner's interest to his claim.

We find no case in this court which points to a solution of the present question, and believe it is an entirely new one, except as it may be controlled by general principles. We have not been cited to any authority as to the meaning and effect of the words quoted from the lease, and are left to interpret the meaning of these words from what we gather to be the intention of the parties, as disclosed by their written contract.

Our own search of the authorities has revealed little bearing upon the question. 2 Jones on Liens (3d ed.), § 1273, so far as material here, reads as follows:

"A mechanic's lien attaches to a lessee's leasehold estate subject to all the conditions of the lease. Though the lessee has made valuable improvements, which are to become the property of the lessor at the end of the term, or which are to revert to him upon his failure to perform the covenants of the lease, upon the lessee's default the property reverts to the lessor free from the lien of mechanics, unless these are in some way protected by statute.

"If the lease has been forfeited, the holder of the lien, before he can acquire the rights of the lessee by purchasing the leasehold estate with the improvements, must pay the lessor all arrears of rent under the lease."

The plain intention of the parties to be gathered from the lease is that the tenants might erect such buildings as they pleased, at their own expense, use them during the term for their own convenience or profit, without added rental, but with no right, after once having erected a building, to remove it at any time. Since the building was not to be removed, the only logical conclusion is that, as and when erected, it became a part of the real estate, which was the subject

of the tenancy, and the tenants' only rights were those of occupancy given by the lease. No doubt a lien could be enforced against the term, but when the term is ended by forfeiture or by lapse of time, there remains nothing belonging to the tenant upon which the lien can operate; and in such a case as this, we see no way of enforcing the lien against the landlord's property, with or without notice to him.

If the lease had required improvements, as in the *Hays* case, a notice to the lessor might be effective; but where the matter of improvements is wholly optional with the tenant, as here, he is not the statutory agent of his landlord, as defined in § 1129, for the purpose of improving the freehold.

We conclude that the judgment of the trial court is the only judgment which could be properly entered, and it is affirmed.

MACKINTOSH, C. J., MITCHELL, ASKREN, and PARKER, JJ., concur.