[No. 20802.   Department Two.   April 5, 1928.]

BLOSSOM PROVINE LUMBER COMPANY, *Respondent,* v. JEANETTE SCHUMACHER *et al., Appellants.*[1]

[1]  MECHANICS' LIENS (102)—ENFORCEMENT — PERSONAL JUDGMENT AGAINST OWNER. Rem. Comp. Stat., § 1129, making the contractor for the construction of a house the agent of the owner for the purpose of the establishment of a mechanic's lien on the premises, does not authorize the entry of a personal judgment against the owner for materials sold to the contractor, in the absence of any evidence of the contractor's authority to purchase the same as agent of the owner.

[2]  SAME (11)—EXTENT OF LAND AFFECTED—PROOF OF NECESSITY. Upon the foreclosure of a mechanic's lien upon a dwelling house costing $2,000, it is error to order a foreclosure and sale of a four-acre tract on which the house stood, without any proof that the whole of the tract was necessary for the convenient use and occupation of the house, within Rem. Comp. Stat., §1129, authorizing a sale of only so much of the land as was necessary for such use.

[3]  SAME (15-1)—PROPERTY SUBJECT—BUILDING ON LAND OF ANOTHER —REMOVAL. Where a house was constructed upon the land of another, the owner disclaiming all interest therein and not being responsible therefor, the foreclosure of a mechanic's lien should be limited to the house, with the right of removal, as provided by Rem. Comp. Stat., § 1146.

[4]  SAME (40-1)—NOTICE OF INTENTION OF DELIVERY OF MATERIALS. The fact that notice to the owner of the delivery of material,

'Reported in 266 Pac. 167.

required by Rem. Comp. Stat., § 1133, was sent to an address about seventy-five feet from where it should have been sent, is not a fatal defect in the notice, where it appears that it was actually received in person within the time required. (FULLER-TON and HOLCOMB, JJ., dissent.)

Appeal from a judgment of the superior court for King county, Findley, J., entered February 23, 1927, upon findings in favor of the plaintiff, in an action to foreclose a mechanics' lien. Modified in part and reversed in part.

*Chambers & Chambers,* and *Schwellenbach, Merrick & Macfarlane,* for appellants.

*C. A. Holtz* (*Robert D. Hamlin,* of counsel), for respondent.

MAIN, J.—This action was brought to foreclose a lien for lumber which went into the construction of a dwelling house. The trial was to the court without a jury and resulted in findings of fact and conclusions of law sustaining the plaintiff's right to recover the sum of $385.30, the value of the material, two dollars and fifty cents for preparing the notice of claim of lien, sixty cents for filing the same, and one hundred dollars as attorney's fee. The judgment entered not only directed foreclosure to satisfy the sums above mentioned, but provided for a personal judgment for the same against the defendants Jeanette Schumacher, A. M. Illman individually and the community consisting of himself and wife, Jack Huntley individually and the community consisting of himself and wife. From the judgment thus entered, Miss Schumacher and A. M. Illman and wife appeal.

The facts are these: During the year 1921, Miss Schumacher was then, and for some years prior thereto had been, the owner of a tract of land, consisting of about four acres which border on 34th Avenue N. W. in

the city of Seattle. Mrs. Illman was Miss Schumacher's sister. During the year mentioned, the parties entered into an oral agreement whereby the Illmans were to construct a house upon the tract and pay the cost of the same. They were also to pay Miss Schumacher five dollars a month rental for the four acres. The house was constructed, and the Illmans resided therein until September 19, 1925. On this date, the house and lot upon which it stood, or that portion of the tract which was convenient for its use and occupation, was sold. Of the purchase price, the Illmans were to receive approximately $1,800, the value of the house, and Miss Schumacher $1,000, the value of the lot. The contract of sale was signed by Miss Schumacher. On the same day, A. M. Illman entered into a contract with Jack Huntley for the construction of another house upon the tract of land about seventy-five feet distant from the first one. Huntley ordered lumber from the respondent corporation which went into the house and for which he did not pay. Within the time required by law, a notice of claim of lien was filed and the action begun.

[1] The appellants first object to the personal judgment against them. Section 1129, Rem. Comp. Stat. [P. C. § 9705], provides for a lien for lumber which goes into the construction of a house and makes the contractor the

". . . agent of the owner for the purpose of the establishment of the lien created by this chapter . . ."

It will be noticed that the statute does not make the contractor the agent of the owner for any other purpose than that of establishing the lien. Under such a statute, no right exists to enter a personal judgment against the owner. 18 R. C. L. 992; 27

Cyc. 446; *Morse v. Mansfield,* 10 Wash. 373, 38 Pac. 1050. There is no evidence in the present case which, aside from the authority given by the statute, would make Huntley the agent of either Miss Schumacher or the Illmans. The personal judgment against the parties appealing cannot be sustained.

[2] The next question goes to the extent of the right to foreclose. Section 1130, Rem. Comp. Stat. [P. C. § 9707], provides that the lot, tract or parcel of land upon which the improvement is made shall be subject to the lien created by § 1129, "or so much thereof as may be necessary to satisfy the lien and judgment thereon. . . ."

There is no evidence showing that it is necessary to foreclose upon the whole of the four acre tract in order to satisfy the judgment or that the whole of the tract is necessary for the convenient use and occupation of the dwelling house. It is obvious that, for the amount of the judgment entered, it was not necessary to direct the sale of the entire four acres. It is also apparent that the entire tract was not necessary for the convenient use and occupation of the dwelling house. The contract price of the house was $815, but the total cost as found by the trial court was approximately $2,000.

[3] It does not follow from this that the respondent is without a remedy. Section 1146, Rem. Comp. Stat. [P. C. § 9722], provides that, when the title or interest in the land upon which the improvement is made cannot be subject to the lien, "the court may order the sale and removal from the land of the property subject to the lien to satisfy the lien." The respondent was entitled to a judgment directing foreclosure upon the house, with the right of removal. Miss Schumacher, the owner, is not in a position to object to

this, because upon the trial, referring to the house, she testified:

"It is not mine. I am treating it as a house of Mr. Illman's. If I tell him to move it off, he will have to move it off. If he desires to move it off, I have no objection."

The right of sale and removal has been recognized in the cases of *Bell v. Swalwell Land, L. & T. Co.*, 20 Wash. 602, 56 Pac. 401, and *Cutler v. Killer*, 88 Wash. 334, 153 Pac. 15, L. R. A. 1917C 1116.

[4] It is next contended that the appellants did not receive, within five days after the first delivery of the lumber, a notice as required by Rem. Comp. Stat., § 1133 [P. C. § 9706]. Upon this question, while it appears that the notice was addressed to 6802 34th Avenue N. W., which was about seventy-five feet distant from the house known as 6814 on that avenue, where it should have been sent, the trial court expressly found that the notice had been sent within the time required and that "said five day notice was actually received by the defendant Illman in person." With this finding we are satisfied. The fact that the notice was sent to an address seventy-five feet distant upon the same street from the place where it should have been sent was not a fatal defect.

Finally, it is contended that there is no right to foreclose a lien, because it was impossible to segregate the lumber that went into the house in question from other lumber and material furnished the same contractor. This contention we think is without merit. The evidence sufficiently identifies the lumber and material for which foreclosure is sought.

The judgment, in so far as it is a personal one against Miss Schumacher and the Illmans, will be reversed. In so far as it authorizes foreclosure of the

lien, it will be modified, with direction to the superior court to enter a judgment of foreclosure upon the house alone with the right of removal.

MACKINTOSH, C. J., and ASKREN, J., concur.

FULLERTON, J. (dissenting)—In my opinion, the evidence is sufficient to justify the conclusion that the owner of the real property had knowledge of the construction of the new building, and acquiesced in its construction. In such an instance, the lien binds not only the building itself but the land on which it is situate, "together with a convenient space about the same." I think the case should be remanded with instructions to ascertain this convenient space and allow a foreclosure upon it as well as upon the house.

HOLCOMB, J., concurs with FULLERTON, J.