[No. 24989. Department One. July 23, 1934.]

PIONEER SAND & GRAVEL COMPANY, *Plaintiff*, v. JOHN DOE HEDLUND *et al., Defendants*, TWOHY BROTHERS COMPANY *et al., Respondents*, SEATTLE EXPORT LUMBER COMPANY, *Appellant.*[1]

[1]Reported in 34 P. (2d) 878.

274

*Scott & Simmons,* for appellant.
*Battle, Hulbert & Helsell,* for respondents.

STEINERT, J.—In this action, the appellant, by cross-complaint, sought to foreclose a materialman's lien upon a tract of land comprising approximately seven acres. Respondents resisted the claim, and sought to have their title quieted as against appellant's lien and also against an outstanding executory contract of sale held by one of the defendants. From a decree quieting title to the land in the respondents and denying appellant any relief upon its cross-complaint, this appeal was taken.

The facts may be briefly stated as follows: On and prior to September 20, 1930, respondents were the owners of the land above mentioned, it being then in an unimproved state. On that date, the respondents entered into an executory contract of sale of the land with defendant D. C. Hedlund. The agreed purchase price was $34,000, payable $5,000 cash upon the execution of the contract and the balance in annual installments of $4,142.86 each; general taxes for the year 1930 were also to be paid by the vendee. The contract

contained no provision either for or against the construction of improvements upon the land, nor did the respondents know what sort of improvements the vendee intended to construct thereon. The contract was never filed for record.

Hedlund went into possession of the land, and began the construction of a sawmill thereon. Sometime thereafter, the date not being definitely fixed, Hedlund appears to have assigned his interest in the contract to Hedlund-Western Lumber Company, a corporation of which he was president.

At the request of Hedlund-Western Lumber Company, appellant furnished considerable lumber for the construction of the mill, for which a lien claim in the sum of $4,228.84 was duly filed April 21, 1931. After the completion of the mill, machinery of the estimated value of seventy-five to eighty thousand dollars was installed. The machinery was apparently purchased upon a conditional sales contract, but whether it was ever paid for does not appear. The land is estimated to be worth from ten to fifteen thousand dollars, and the building about twenty thousand dollars. Hedlund and Hedlund-Western Lumber Company subsequently became insolvent, and defaulted in the payments agreed upon in the contract.

In October, 1931, and apparently after this action had been begun by the plaintiff, Pioneer Sand & Gravel Co., respondents served upon Hedlund, Hedlund-Western Lumber Company, and the appellant herein, a notice to the effect that, if the payments due under the contract were not made within thirty days, the contract would be forfeited. No payment having been made in response to the notice, respondents declared the contract null and void, entered into possession of the land, and subsequently leased the sawmill to a third party.

In its cross-complaint, appellant sought a personal

judgment against Hedlund, Hedlund-Western Lumber Company, and also against the respondents, and further sought to have its lien established as against the land and the building thereon.

Upon this appeal, appellant makes four assignments of error. It first contends that the court erred in refusing to permit a foreclosure of its lien against the building and so much of the land as was necessary for the convenient use and occupation thereof.

■ Appellant makes much of the fact that the executory contract of sale was never recorded, and therefore argues, as we understand it, that, under such circumstance, the contract vendee is to be considered as the statutory agent of the owners of the land. It is not necessary for us to decide that question, for, if it be assumed that such is the result, the evidence nevertheless conclusively shows, and the court found, that the notice required by Rem. Rev. Stat., § 1133, was never given to the owners. Appellant's lien, therefore, became ineffectual to bind the respondents' interest in the land. *Robinson Tile & Marble Co. v. Samuels,* 147 Wash. 445, 266 Pac. 701; *Columbia Lumber Co. v. Bothell Dairy Farm,* 174 Wash. 662, 25 P. (2d) 1037.

■ Appellant next contends that the court erred in denying foreclosure of its lien as against the building alone. Its contention is based on Rem. Rev. Stat., § 1146, which reads:

"When for any reason the title or interest in the land, upon which the property subject to the lien is situated cannot be subjected to the lien, the court may order the sale and removal from the land of the property subject to the lien to satisfy the lien."

This section has been construed and the right of removal, under proper circumstances, upheld in the following cases: *Bell v. Swalwell Land, etc., Co.,* 20 Wash. 602, 56 Pac. 401; *Cutler v. Keller,* 88 Wash.

334, 153 Pac. 15; *Gile Investment Co. v. Fisher,* 104 Wash. 613, 177 Pac. 710; *Brown v. Hunt & Mottet Co.,* 111 Wash. 564, 191 Pac. 860; *Blossom Provine Lumber Co. v. Schumacher,* 147 Wash. 369, 266 Pac. 167; *Columbia Lumber Co. v. Bothell Dairy Farm,* 174 Wash. 662, 25 P. (2d) 1037. With reference to those cases, however, it is to be noted that it appeared therein from the evidence, or by stipulation, that the improvements were, in fact, removable, or else that there was no question as to the practicability of their removal.

In this case, we have a different situation. Appellant's cross-complaint was drawn on the theory that its lien was primarily against the real property, and its prayer was that the lien be established to its full extent. The pleading contained no suggestion as to the practicability of removal of the mill nor any request with reference to its sale and subsequent removal. In his opening statement at the trial, counsel for appellant for the first time announced that, if the lien could not be upheld as to the land, then it should at least be held to bind the structure. However, no evidence whatever was introduced to show that the structure was, in fact, removable. Nor did the appellant, after the court had found against it upon its first and principal contention, offer to show, or request the opportunity of showing, that the building was removable. The burden in that respect lay upon appellant.

Under the statute above cited, the court *may* order the sale and removal of property subject to the lien, but the making of such order rests in the sound discretion of the court, dependent upon the facts and circumstances of the particular case. A fundamental and vital element to be considered by the court in making such order is whether the structure is removable as such without injury to the freehold. As a general rule, structures of a permanent nature which are erected

upon the land by the owner in fee simple are presumed to become a part of the realty. *Cutler v. Keller,* 88 Wash. 334, 153 Pac. 15. Likewise, a permanent structure erected upon the land by the purchaser becomes, as between the vendor and purchaser, and in the absence of an agreement to the contrary, a part of the realty, and the purchaser may not remove it without the vendor's consent. 27 R. C. L., p. 553, § 290.

These rules have been relaxed somewhat by the lien statute in the interest of mechanics and materialmen; so that, if the court finds that the structure or other property subject to the lien is removable, it may order the sale and removal of such property. But even so, the court must first find that the property is removable, for otherwise it would be making a vain and useless order. The one seeking to establish a right or claim has the burden of proving the foundation of such right or claim. It is a part of his case. The burden is therefore upon the lien claimant to show the removability of the property, not upon the owner to show its irremovability. The fact to be established is an affirmative, not a negative, one. At no stage of these proceedings did the appellant meet, or offer to meet, this burden. Cases will not be tried piecemeal, and the courts will therefore dispose of the issues as they are presented to them upon the trial. The appellant has not established its right to have the mill sold and removed.

Appellant next contends that the court erred in entering a judgment of forfeiture and in refusing to permit it to pay the amount of the default under the contract and be thereby subrogated to the rights of the purchaser therein. We may assume that, in a proper case, a lien claimant should have such right, but this is not, in our opinion, such a case. Appellant was apprised by notice, served upon it on October 13, 1931, that the contract would be forfeited unless the delin-

quent payments were made. It made no tender of any amount, nor in its pleading did it offer to make any payment whatever. It was only upon counsel's opening statement at the trial in June, 1933, that it asked to be subrogated to the rights of Hedlund, in the event that its lien against the land or the building were denied. In the meantime, respondents had long since taken possession of the property and had thereafter leased it to a third party.

Had appellant tendered payment promptly, or had it, in the opinion of the court, made some reasonable attempt to keep the contract in good standing, it would at least have had some claim for equitable consideration. It is now asking equity, but has not offered to do equity. Even now, it is simply asking that its lien be foreclosed against Hedlund's interest, without offering to perform that which Hedlund was required to perform in order to avoid forfeiture. It is not entitled at this time to a subrogation which, in effect, would revive a contract that is now dead.

Appellant finally contends that the court erred in refusing to allow it a judgment against Hedlund-Western Lumber Company. This contention must be sustained. The matter of a personal judgment against the purchaser of the lumber was an issue properly presented in the pleadings and substantiated by the evidence. The court should therefore have allowed appellant a money judgment against that company.

The decree will be modified to the extent of allowing appellant a judgment against Hedlund-Western Lumber Company in the amount prayed for; in all other respects, the decree is affirmed.

BEALS, C. J., MAIN, MITCHELL, and MILLARD, JJ., concur.